IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31263
Summary Calendar
_____

BENJAMIN BOYD; JOHN BAZILE, III, Individually
and on behalf of all those similarly situated;
JUAN P. SCOTT; CYNTHIA HOWARD; DAVID A. JOHNSON,

                                        Plaintiffs-Appellants,

EDWARD BAINES,

                                        Movant-Appellant,

versus

CHARLES C. FOTI, JR., Individually and in his capacity
as Criminal Sheriff of Orleans Parish; THE ORLEANS PARISH
CRIMINAL SHERIFF'S OFFICE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 94-CV-204-B
--------------------
August 7, 2001

Before JOLLY, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

       Plaintiffs appeal from a judgment denying them relief under

the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

They argue that (1) they were wrongfully denied overtime

compensation because the district court erroneously determined

that certain of them fell within the "law enforcement" exception

to the FLSA and (2) the trial court applied the wrong statute of

_____

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

limitations based on its erroneous finding that the Sheriff did not "willfully" violate the FLSA.

Plaintiffs mistakenly construe the district court's decision denying them overtime compensation as the product of their classification as law enforcement personnel. The district court ultimately based its decision that no overtime was owed on the fact that neither their testimony nor the exhibits established that the Department of Labor's (DOL) audit results, which did not identify them as employees to whom overtime pay was owed, were erroneous. Because the district court's holding was not based on the employees' classification as law enforcement personnel but rather on its factual finding in accordance with Fed. R. Civ. P. Rule 52(c) that the DOL's wage calculations were correct, we review it for clear error and find none. See Southern Travel Club, Inc. v. Carnival Air Lines, Inc., 986 F.2d 125, 128 (5th Cir. 1993).

Plaintiffs argue that the Sheriff's FLSA violations should be construed as "willful," thus entitling them to a three-year limitations period, because the violations were of a continuous nature. Plaintiffs similarly have not shown that the district court clearly erred on this issue. See Reich v. Tiller Helicopter Servs., 8 F.3d 1018, 1036 (5th Cir. 1993).

Plaintiffs also argue that the FLSA's three-year limitations period does not apply to cases where an employee has been discharged in retaliation for filing a complaint under the FLSA, apparently inferring that the Sheriff wrongfully terminated some unnamed employees. This argument was rejected by the district

court because the plaintiffs had put forth no material evidence to substantiate allegations of retaliation.  We reject it for the same reason.

The district court's decision is AFFIRMED.